IN THE UNITED STATES COURT
OF APPEALS, AUSTIN, DIVISION

IN RE OSWALD GEORGE LEE

VS.

180TH DISTRICT COURT

CASE NO. 01-15-000616-CR

59,491-03

## WRIT OF MANDAMUS

NOW COMES, OSWALD GEORGE LEE, IN THE ABOVE NUMBERED AND STYLED CASE NOW REFERRED TO AS RELATOR.

## I.
## STATEMENT OF JURISDICTION

RELATOR SEEKS MANDAMUS RELIEF FROM THE COURT OF CRIMINAL APPEALS, TO ORDER THE 180TH DISTRICT COURT TRIAL JUDGE TO CORRECT THE RELATORS DEFECTIVE CERTIFICATION OF THE RIGHT TO APPEAL DUE TO AN INVALID WAIVER OF THE RIGHT TO APPEAL MADE NOT KNOWINGLY INTELLIGENT OR VOLUNTARY.

THE ACT SOUGHT IS MINISTERIAL UNDE TEX. RULE APP. PROC. 44.4, STATE EX REL WADE VS. MAYS, 689 S.W. 2d 893 (TEX. CR. APP. 1984).

THE COURT OF CRIMINAL APPEALS HAS JURISDICTION OVER THIS CRIMINAL MATTER UNDER THE TEX. CONST., ART. I. SEE 5.

THE RELATOR HAS MET THE TWO PRONGS TEST ESTABLISHED IN DICKENS VS. COURT OF APPEALS, 2ND SUP. JUD. DIST., 727 S.W. 2d 542 (TEX. CR. APP. 1987).

FIRST, THE RELATOR HAS NO ADEQUATE REMEDY AT LAW, THERE IS NO REMEDY BY PETITION FOR DISCRETIONARY REVIEW FROM AN ADVERSE RULING IN AN ORIGINAL MANDAMUS PROCEEDING. SEE JACOBS VS. STATE, 692 S.W. 2d 724 (TEX. CR. 1985).

SECOND, THE COURT OF APPEALS CLEARLY ABUSED ITS DISCRETION WHEN IT FAILED TO ORDER THE TRIAL COURT JUDGE OF THE 180TH DISTRICT COURT TO PERFORM ITS MINISTERIAL DUTY AND CORRECT THE DEFECTIVE CERTIFICATION SHOWING THE RELATOR HAS A RIGHT TO APPEAL. THE COURT OF APPEALS, (1ST COURT OF APPEALS) RULED CONTRARY TO STATORY LAW, TEX. RUL. APP. PROC 44.4.

THE RELATOR HAS SATISFIED THE REQUIREMENTS OUTLINED IN PADILLA VS. MC DANIEL, 122 S.W. 3d 805 (TEX. CR. APP. 2003), BY SUBMITTING HIS APPLICATION FOR WRIT OF MANDUMAS RELIEF FIRST TO THE COURT OF APPEALS 1ST DISTRICT OF TEXAS.

WHEN A TRIAL COURT JUDGE DENIES AN APPLICANT THE RIGHT TO APPEAL FROM HIS CONVICTION UNDER, TEX. RUL. APP. PROC. 25.2a(2), THE PROPER REMEDY IS BY A WRIT OF MANDAMUS AND NOT BY A WRIT OF HABEAS CORPUS, ART. 11.07. SMITH VS. STATE, 937 S.W. 575 (TEX. APP. DALLAS 1997) CITING BROGGI VS. CURRY, 571 S.W. 2d 940.

RECEIVED IN
COURT OF CRIMINAL APPEALS

SEP 23 2015

Abel Acosta, Clerk

## STATEMENT OF CASE

THE FIRST COURT OF APPEALS ABUSED IT'S DISCRETION WHEN IT DENIED RELATOR'S WRIT OF MANDAMUS WITH NO REASON FOR THE DENIAL WHAT SO EVER. RELATOR WAS DEPRIVED OF A PRELIMINARY HEARING IN HIS INITIAL PROCEEDINGS PRIOR TO REVOCATION, RELATOR WAS ALSO DEPRIVED OF A SENTENCING HEARING, AFTER REVOCATION OF PROBATION. FUTHER TO TEXAS GOV'T CODE § 2001.038, IF ONE SHOWS AFFIRMATIVE ACT BY AGENCY TO APPLY IT'S RULE TO HIM AND THAT APPLICATION OF SUCH RULE WOULD ADVERSELY AFFECT HIS LEGAL RIGHTS OR PRIVILEGES HE HAS STANDING TO CHALLENGE APPLICABILITY OF RULE IN DECLARATORY JUDGMENT SUTE UNDER §12 OF THIS ARTICAL AND IS NOT REQUIRED TO WAIT UNTIL RULE IS ATTEMPTED TO BE ENFORCED AGAINST HIM BEFORE HE MAY RESORT TO DECLATORY RELIEF.

RELATOR FILED PETITION SEEKING DECLARATORY JUDGMENT ON 3 DAY OF July 2014 . RELATOR RECIVED NOTICE OF COURT SETTING, STATED THE RELATORS PETITION WOULD BE DISMISSED FOR WANT OF PROCCUTION. SEE EXHIBIT ONE. RELATOR COMPLYED WITH ALL INSTRICTIONS, DISCRIBED IN CHAPTER 8. SEE EXHIBIT TWO. ALSO SEE EXHIBITS 3, AND 4; THROUGH NO FAULT OF HIS OWN RELATORS PETITION WAS NOT RETURNED AND DISMISSED FOR WANT OF PROSECUTION WHEN IT IS NOT IN THE POWER OF RELATOR TO SETT COURT DATE.

## ISSUES PRESENTED

1. RELATER WAS DEPRIVED OF A PRELIMINARY HEARING; RELATER WAS NOT GIVEN A PRELIMINARY HEARING WHICH VIOLATED HIS DUE PROCESS RIGHT, RELATOR WAS ENTITLED TO A HEARING BEFORE REVOCATION OF PROBATION, ALTHOUGH PROBATION REVOCATION, LIKE PAROLE REVOCATION, WAS NOT A STAGE OF CRIMINAL PROSECUTION, THE COURT FOUND THAT IT RESULTED IN A LOSS OF LIBERTY, THERE FORE A PROBATIONER, LIKE A PAROLEE, WAS ENTITLED TO A PRELIMINARY HEARING TO DETERMINE WHETHER THERE WAS PROBABLE CAUSE TO BELIEVE THAT THERE WAS BEEN A PROBATION VIOLATION AND A MORE COMPREHENSIVE FINAL REVOCATION HEARING. GAGNON VS. SCARPELLA, 411 U.S. 778;

2. TO THE SAME EFFECT RELATOR WAS ALSO DENIED A SENTENCING WHICH ALSO VIOLATES DEU PROCESS. MORRISSEY VS. BREWER, 408 U.S. 471,

3. THE TRIAL COURT AND THE DISTRICT COURT OF TRAVIS COUNTY BOTH ABUSED THEIR DISCRECATION BY NOT FOLLOWING PROPER PROCEDURES MANDATED MY SUPREME COURT PRECEDENCS, WHICH CLEARLY DECLARES THAT APPLICANTS ARE ENTITLED TO A FULL AND FAIR OPPORTUNITY TO LITIGATE CLAIMS RAISED AGAINST THEM IN ADDITION THE COURTS DID NOT FOLLOW ESTIBLASHED SUPREME COURT PRECEDENCE, WHICH CLEARLY DECLARES, THAT IF THE APPLICANT DID NOT RECEIVE A FULL AND FAIR CHANCE TO LITIGATE IN THE CONVICTING COURT AND ON COLLATERAL REVIEW;

4. BY APPLYING A RULE THAT WAS NOT CONSIDERED ILLEGAL AT THE TIME OF RELATORS INVOLITERY PLEA AGREEMENT, WHICH VIOLATES EX POST FACTO LAW.

## ARGUMENTS AND AUTHORITES

IN GROUND ONE RELATOR WAS DEPRIVED OF A PRELIMINARY HEARING WHICH VIOLATED HIS DUE PROCESS RIGHT, RELATOR WAS ENTITLED TO A HEARING BEFORE REVOCATION OF PROBATION.

"ALTHOUGH PROBATION REVOCATION, LIKE PAROLE REVOCATION, WAS NOT A STAGE OF CRIMINAL PROSECUTION THE COURT FOUND THAT IT RESULTED IN A LOSS OF LIBERTY. THEREFORE A PROBATIONAR LIKE A PAROLEE WAS ENTITLED TO A PRELIMINARY HEARING TO DETERMINE WHETHER THERE WAS PROBABLE CAUSE TO BELIEVE THAT THERE WAS BEEN A PROBATION VIOLATION AND A MORE COMPREHENSIVE FINAL REVOCATION HEARING." ALSO DUE PROCESS REQUIRED ONLY AN INFORMAL HEARING BEFORE REVOCATION. THE COURT FOUND THAT THE ABILITY OF THAT HEARING TO PROTECT PROBATIONER'S RIGHT'S DEPENDED ON THE USE OF SKILL WHICH THE PROBATIONERS WAS UNLIKELY TO POSSESS, THUS THERE WERE INSTANCES WHERE COUNSEL WAS REQUIRED. (THIS IS HOW RELATORS COUNSEL WAS INEFFECTIVE).

A PROBATIONER LIKE A PAROLEE, IS ENTITLED TO A PRELIMINARY AND FINAL HEARING BEFORE PROBATION CAN BE REVOKED. GAGNON VS. SCARPELLI, 411 U.S. 778;

THE COURT HELD:

1) DUE PROCESS MANDATES PRELIMINARY AND FINAL REVOCATION HEARING IN THE CASE OF A PROBATIONER UNDER THE SAME CONDITIONS ARE SPECIFIED IN MORRISSEY VS. BREWER, 408 U.S. 471,

"WE REVIEW THE DECISION TO REVOKE A TERM OF SUPERVISED RELEASE, A COURT MUST FIND BY A PREPONDERANCE OF THE EVIDENCE THAT THE DEFENDANT VIOLATED A CONDITION OF HIS RELESE; (RELATORS BOSS CALLED AND TOLD HIS PROBATION OFFICER THAT RELATOR WAS IN FACT WORKING ON THE DAY IN QUISTION). PRESUMPTION OF INNOCENCE NO PRESUMPTION OF GUILT ARISES FROM THE MERE FACT THAT A CRIMINAL ACCUSATION HAS BEEN MADE BEFORE A COMPETENT AUTHORITY. U.S. VS. SPRAGLIN, 418 F. 3d 479;

PROBATION JUST LIKE PAROLE HAS THE SAME DUE PROCESS PROCEDURE THAT MUST BE FOLLOWED. THE FIRST STAGE OCCURS WHEN THE PAROLEE / PROBATIONER IS ARRESTED AND DETAINED, USUALLY AT THE DIRECTION OF HIS PAROLE OFFICER. THE SECOND OCCURS WHEN PAROLE IS FORMALLY REVOKED. THIS IS UNDER (a) ARREST OF PAROLEE AND PRELIMINARY HEARING, WHICH RELATOR WAS DEPRIVED OF.

IN THE RULE OF CRIMINAL PROCEDURE, RULE 32.(b).

(b) REVOCATION.
   (1) PRELIMINARY HEARING.
      (A) IN GENERAL IF A PERSON IS IN CUSTODY FOR VIOLATING A CONDITION OF PROBATION OR SUPERVISION OF RELESE, A MAGISTRATE JUDGE MUST PROMPTLY CONDUCT A HEARING TO DETERMINE WHETHER THERE IS PROBABLE CAUSE TO BELIEVE THAT A VIOLATION OCCURRED.
      (B) THE HEARING MUST BE RECORDED A COURT REPORTER OR BY A SUITABLE RECORDING DIVICE. RUL. CRIM. PROC. RULE 32(b).

THE CODE OF CRIMINAL PROCEDURE, ART. 42 (5)(b). ON VIOLATION OF CONDITION OF CUMINITY SUPER VISION IMPOSED UNDER SUBSECTION (a) OF THIS SECTION THE DEFENDANT MAY BE ARRESTED AND DETAINED AS PROVIDED IN SECTION 21 OF THIS ARTICAL.

THE DEFENDANT IS ENTITLED TO A HEARING (PRELIMINARY HEARING) LIMITED TO THE DETERMINATION BY THE COURT OF WHETHER TO PROCEED WITH AN ADJUDICATION OF GUILT ON THE ORIGINAL CHARGE. NO APPEAL MAY BE TAKEN FROM THIS DETERMENCHATION. AFTER AN ADJUDICATION OF ALL PROCEEDINGS INCLUDING ASSESSAMENT OF PUNISHMENT (SENTENSING HEARING) PRONOUNCEMENT OF SENTENCE, GRANTING OF COMMUNITY SUPERVISION, AND DEFENDANTS APPEAL CONTINUE AS IF THE ADJUDICATION OF GUILT HAD NOT BEEN DEFERRED.

IN GROUND 2, DENIAL OF SENTENCING HEARING, ALSO DENIED RELATOR DUE PROCESS RIGHT AND EQUIL PROTECTION UNDER THE LAW, RELATOR CITES, ISSA VS. STATE, 826 S.W. 2d 159. HOLDINGS THE JUDGE WHO PRESIDED AT HEARING ON MOTION TO PROCEED TO ADJUDICATION AND REVOKE PROBATION "ERRED" BY ADJUDGING, DEFENDANT GUILTY AND IMMEDIATELY SENTENCING HIM TO (10) TEN YEARS CONFINEMENT WITHOUT GIVING DEFENDANT ANY OPPERTUNITY TO BE HEARD ON THE ISSUE OF PUNISHMENT AND SENTENCE, IN VIOLATION OF DUE PROCESS OF LAW GUARANTEED THE DEFENDANT UNDER THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND THE DUE COURSE OF LAW PROVISION OF ARTICAL 1, SEC. §10 OF THE CONSTITUTION OF THE STATE OF TEXAS.

RELATOR ALSO CITES DUNART VS. STATE, 668 S.W. 2d 384, 387, HOLDING:

TODAY WE HELD THAT WHEN A TRIAL COURT FINDS THAT AN ACCUSED HAS COMMITTED A VIOLATION AS ALLEGED BY THE STATE AND ADJUDICATED A PREVOUSLY DEFERRED FINDING OF GUILT THE COURT MUST THEN CONDUCT A SECOND PHASE TO DETERMING PUNISHMENT.

ART. 42.12§5(b) CODE OF CRIM. PROC. CLEARLY STATES THE FOLLOWING:

"OF THIS SECTION OF A VIOLATION OF COMMUNITY SUPERVISON, IF INFORMATION IS PROVIDED ORALLY, THE JUDGE MUST RECORD AND MAINTAIN THE JUDGES STATEMENT TO THE DEFENDANT, THE FAILURE OF A JUDGE TO INFORM A DEFENDANT OF POSSIBLE CONSEQUENCES UNDER SUBSECTION(b)."

RELATOR HAS SHOWN THIS HONORABLE THAT HE WAS DENIED DUE PROCESS OF LAW BY THE TRIAL COURT RENDERING HIS ADJUDICATION OF COMMUNITY SUPERVISION AND (18) EIGHTEEN YEAR SENTENCE "VOID".

IN GROUND 3, ABUSE OF DISCRETION, THE TRIAL COURT ABUSED IT'S DISCRETION BY NOT ALLOWING RELATORS EMPLOYER TO TESTIFY ON BEHALF OF RELATOR, TO TESTIFY THAT RELATOR WAS AT WORK OUT OF THE AREA, THIS IS THE REASON RELATOR MISSED ONE CLASS VIOLATING HIS CONSTITUTIONAL RIGHT TO A FAIR AND IMPARTIAL TRIAL. THE TRIAL COURT ABUSED IT'S DISCRECTION BY IMPOSING COMPONENT'S WHICH WERE APPLIED CONDITIONS OF HIS DEFERRED ADJUDICATION PROBATION. THE SEX OFFENDERS TREATMENT AND THE ORDER TO DISPLY AN 18" X 18" SIGN ON ALL EXTERIOR DOORS OF HIS RESENDENCE IMPOSED BY THE PRESIDING JUDGE OF THE 180th JUDICIAL DISTRICT COURT CONSTITUTED AN APPLICATION OF INVALID LAW, AS SUCH COMPONENTS WERE NOT YET LAWFULLY PROMULGATED IN ACCORDANCE WITH THE ADMINISTRATIVE PROCEDURE (APA).

RELATOR WAS WRONGFULLY ACCUSED OF FAILING TO CALL HIS THERAPIST WHILE WORKING OUT OF THE AREA, RELATORS BOSS AT THAT TIME CALLED PROBATION TO INFORM HER THAT RELATOR WAS IN FACT WORKING OUT OF THE AREA, (RELATOR'S PROBATION OFFICER REASONED THAT IT COULD HAVE BEEN ANYONE CALLING FOR RELATOR, INSTEAD OF LOCATING RELATORS JOB IN PHONE BOOK OR USING THE CONTACT NUMBER PROVIDED BY RELATOR AS REQUIRED BY LAW AND CONFIRMING THE CALL).

IF RELATOR WERE TO HAVE BEEN AFFORDED A PRELIMINARY HEARING BY REQUESET OF LAW THIS REVOCATION COULD HAVE BEEN AVIODED, BUT THE TRIAL COURT OF THE 180th JUDICAL DISTRICT COURT ABUSED IT'S DISCRETION, AND VIOLATED RELATOR'S DUE PROCESS RIGHT.

RELATOR'S COMMUNITY SUPERVISION STARTED IN JUNE 24th, 2002, RELATOR WAS IMPOSED COMPONENTS OF SPECIAL CONDICTION X WHICE WERE NOT YET LAWFULLY PROMULGATED UNTIL JULY 1st 2003, VIOLATING "EX POST FACTO LAW":

"CONSTITUTIONAL LAW A STATUTE THAT CRIMINALIZE AN ACTION AND SIMULANEOUSLY PROVIDES FOR PUNISHMENT OF THOSE WHO TOOK THE ACTION BEFORE IT HAD LEGALLY BECAME A CRIME; SPECIF.,

A LAW THAT IMPERMISSIBLY APPLIES RETROACTIVELY, ESP. IN A WAY THAT NEGATIVELY AFFECTS A ACTION THAT WAS LEGAL WHEN IT WAS COMMITTED OR INCREASING THE PUNISHMENT FOR PAST CONDUCT."

## PRAYER

CONSIDERING ALL PRIMISES, RELATOR PRAYS THAT THIS HONORABLE COURT GRANTS UNTO HIM RELIEF, AS THIS HONORABLE COURT CAN CLEARLY SEE HE IS DESERVING OF RELIEF.

EXECUTED ON THE 20 DAY OF Sep 2015, 2015

_____
SIGNITURE

## CERTIFIC OF SERVICE

I OSWALD GEORGE LEE DO HERE CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING HAS BEEN SENT BY U.S. REGULAR MAIL ADDRESSED TO:

THE COURT OF CRIMINAL APPEALS,
CLERK LOUISE PEARSON
SUPREME COURT BLDG.
106, 201, 14$^{II}$
P.O. BOX 12308
CAPITAL, STA. AUSTIN, TX, 78711

EXECUTED ON THE 20 DAY OF Sep 2015, 2015

_____
SIGNITURE

# VERIFICATION OF UNSWORN DECLARATION

I _Oswald Lee_ Defendant pro se in this Cause State the following under penalty of perjury; I am a prisoner TDCJ NO. _1175988_ Currently incarcerated in TDCJ-ID _LYNAUGH_ unit in Fort Stockton Texas. I am duly qualified and authorized in all respects to make this declaration. I have read the foregoing Document _WRIT OF MANDAMUS_ and declare that I have personal Knowledge of the facts Contained therein and Said facts are true and Correct.

EXECUTED in _Ft, Stockton_ Texas pursuant to Art. 132.001 et. Seq., Texas (P.R.C.) and 28 USC § 1746, On this _20_ day of _September_ 20 _15_.

_Oswald Lee_
(Signature)                    pro se

TDCJ NO. _1175988_ DOB _6_ _18_ _67_

Under both federal law (28 USC § 1746) and State law (Art. 132.001 Texas (P.R.C.)) inmates incarcerated in Texas may use an Unsworn declaration under penalty of perjury in place of a written declaration Sworn before a Notary public.

## CERTIFICATE OF SERVICE

This is to Certify that on SepTemBeR 20-2015 a true and correct copy of the above and foregoing document was mailed to the clerk of the CoURT oF CRiminAl AppeAls

_Osuald Lee_
pro se

# NOTICE OF COURT SETTING

IN THE DISTRICT COURTS OF TRAVIS COUNTY, TEXAS

FOR CAUSE NO. D-1-GN-13-002287

OSWALD GEORGE LEE
VS.
180TH DISTRICT COURT

THE ABOVE CAUSE WILL BE DISMISSED FOR WANT OF PROSECUTION ON THE COURT'S MOTION ON THE 19th day of December, 2014 AT  1:45 PM IN SAID COURT, UNLESS A MOTION TO RETAIN IS FILED PRIOR TO THAT DATE.

PLEASE READ THE TRAVIS COUNTY LOCAL RULES CHAPTER 8 -- PROCEDURES FOR DISMISSAL FOR WANT OF PROSECUTION

AMALIA RODRIGUEZ-MENDOZA
DISTRICT CLERK
TRAVIS COUNTY, TEXAS

DATED: 11/4/2014

## CHAPTER 8

## DISMISSAL FOR WANT OF PROSECUTION BY THE COURT

**8.1   Case Selection**

The following cases are eligible for dismissal for want of prosecution *sua sponte* by the court:

(a)   cases on file for more than 180 days in which no answer has been filed;

(b)   cases that have been on file for more than 18 months that are not set for trial and have had no filings or settings within 180 days;

(c)   any other case designated by the Court.

**8.2   Copies to Court Administrator**

A COPY OF NOTICES, MOTIONS, AND PLEADINGS REQUIRED TO BE FILED BY THIS CHAPTER MUST BE DELIVERED TO THE COURT ADMINISTRATOR FOR THE CIVIL DISTRICT COURTS.

**8.3   Notice & Summary Dismissal if No Motion to Retain**

The Court Administrator will give notice that certain cases will be dismissed for want of prosecution. Such matters will be dismissed summarily without further proceedings on the dismissal date indicated in the notice of dismissal or thereafter unless at least one party files a motion to retain that complies with the requirements of this chapter.

**8.4   Docket Settings**

No Central Docket settings may be obtained in cases set for dismissal until the dismissal docket process is complete, except with leave of Court.

**8.5   Motions to Retain and Objections to Motions to Retain**

(a)   Motions to retain must set forth the factual and legal basis for retaining the case and must be filed at least 14 days prior to the dismissal date specified in the notice of dismissal.

(b)   Any objection to a motion to retain must be filed at least 7 days prior to the dismissal date specified in the notice of dismissal.

(c)   If a timely motion to retain is filed and no timely objection is filed, the court may grant the motion or may set it for hearing.

(d)   If a timely motion to retain and a timely objection are both filed, the court will set the motion to retain for hearing.

## 8.6   Objection to ADR

(a)   Parties filing motions to retain must file any objection to ADR simultaneously with a motion to retain.

(b)   Parties receiving notice of a motion to retain must file any objection to ADR at least 7 days prior to the dismissal date specified in the notice of dismissal.

(c)   Objections to referral to ADR, will be taken on submission without hearing.

## 8.7   No Discovery

No further discovery may be conducted in cases retained by the Court and ordered to complete an ADR procedure unless permitted by Court order. **Further discovery will not extend the deadlines prescribed in this chapter unless ordered by the Court.**

RECEIVED

JAN 20 2015

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

CAUSE NO. D-1-GN-13-002287

EXHIBIT THREE

MOTION TO RETAIN

OSWALD GEORGE LEE

VS. 180ᵗʰ DISTRICT COURT

§
§
§
§
§
§
§
§

IN THE DISTRICT COURTS
OF TRAVIS COUNTY, TEXAS

NOW COMES OSWALD GEORGE LEE HEREINAFTER REFURRED TO AS PLAINTIFF, PLAINTIFF PRESENTS THIS MOTION TO RETAIN, TO THIS HONORABLE COURT IN ACCORDENCE WITH OF "CHAPTER 8 OF THE TRAVES COUNTY LOCAL RULES OF CIVIL PROC AND RULES OF DECORUM."

IN RESPONCE TO COURT ORDER PLAINTIFF SHOWS THIS HONORABLE COURT THE FOLLOWING:

## I.

ON OR ABOUT 3 DAY OF July 20 14, PLAINTIFF FILED A "PETITION SEEKING DECLARATORY JUDGMENT", THROGH NO FAULT OF HIS OWN PLAINTIFF AWATED WORD FROM THIS HONORABLE COURT.

## II.

BY THE TIME TO MUCH TIME HAD ELAPSED PLAINTIFF FILED A MOTION OF OBJECTION FOR THE COURTS NOT MOUING ON SAID PETITION, NOT UNTIL RECENTLY THE HONORABLE CONTACTED PLAINTIFF NOTIFING PLAINTIFF, THAT THE ABOVE CAUSE WILL BE DISMISSED FOR WANT OF PROSECUTION ON THE 19ᵗʰ DAY OF DECEMBER, 2014.

## III.

PLAINTIFF PROMPLY FILED MOTION TO COURT STATEING THAT, TRAVIS COUNTY LOCAL RULES, CHAPTE 8, WERE NOT IN UNIT LAW LIBRARY, LOCAL RULES WERE NOT ON HOLDINGS LIST SO T.D.C.J LAW LIBRARY CANNOT SUPPLY TO INMATES, PLAINTIFF ASK COURT TO SUPPLY LOCAL RULES CHAPTER 8.

## IV.

ON JANUARY 5ᵗʰ 2015 PLAINTIFF RECEIVED SAID RULES FROM THE COURT, PRIOR TO RECEIVEING THESE RULES PLAINTIFF, FILED MOTION FOR EXTENTION OF TIME BEFOR THE DEADLINE.

## V.

PLAINTIFF NOW PRESENTS THIS MOTION TO RETAIN TO THIS HONORABLE COURT

### PRAYER

PLAINTIFF PRAYS THAT THIS HONORABLE COURT RETAINS THIS CASE, AND ALLOWS PLAINTIFF LITIGATE SAID CASE, AND THAT THIS HONORABLE COURT ACCEPTS THE EXTRAORDINARY CERCUMSTANCES SOURANDING PLAINTIFF'S FIGHT FOUR JUSTICE,

EXECUTED ON THE 11 DAY OF JANUARY 2015

_____
SIGNITURE

OBJECTION TO (ADR) ADMINISTRATORS
DISMISSAL RECOMENDATION          EXHIBIT FOUR

OSWALD GEORGE LEE          §     IN THE DISTRICT COURTS
                          §     OF TRAVIS COUNTY, TEXAS
VS. 180TH DISTRICT COURT  §
                          §
                          §
                          §

NOW COMES OSWALD GEORGE LEE, HEREIN AFTER REFURRED TO AS PLAINTIFF, PLAINTIFF PRESENTS THIS MOTION OF OBJECTION TO (ADR) REFERRAL TO DISMISS IN ACCORDENCE WITH "CHAPTER 8 OF THE TRAVIS COUNTY LOCAL RULES OF CIVIL PROC, AND RULES OF DECORUM".

IN RESPONCE TO CHAPTER 8, OF TRAVIS COUNTY LOCAL RULES, PLAINTIFF RESPECFULY SHOWS UNTO THIS HONORABLE COURT THE FOLLOWING:

## I,

PURSUANT TO TEXAS GOV'T. CODE § 2001.038 IF ONE SHOWS AFFIRMATIVE ACT BY AGENCY TO APPLY IT'S RULE TO HIM AND THAT APPLICATION OF SUCH RULE WOULD DRAMATICLY AFFECT PLAINTIFF'S LEGAL RIGHTS AND PRIVILEGES, PLAINTIFF HAS STANDING TO CHALLENGE APPLICALIBITY OF RULE IN DECLARATORY JUDGMENT SUIT UNDER § 12 OF THIS ARTICLE (REPEALED NOW § 2001.038).

## II.

AS STATED IN PLAINTIFF'S MOTION TO RETAIN THROUGH NO FAULT OF HIS OWN PLAINTIFF HAD NO IDEA WHAT WAS REQUIRED OF HIM IN THIS CASE PROSECUTED.

## III

PLAINTIFF NEVER RECEIVED ANY ORDER TO ANSWER WITH-IN 180 DAYS.

PLAINTIFF HAD NO WAY TO SET CASE FOR TRIAL AFTER BEING FOR OVER 18 MONTHS, OR HAD ANY NOTICE TO FILE ANY INFORMATION WITH-IN 180 DAYS.

PLAINTIFF HAD NO IDEA THE COURT POINTED-OUT THIS CASE FOR DISMISSAL.

PLAINTIFF ONLY LEARNED OF HIS CASE WAS ELIGIBLE FOR DISMISSAL FOR WANT OF PROSECUTION SUASPONTE BY THE COURT.

## IV.

PLAINTIFF ASSERTS THAT HE COULD NOT COMPLY WITH COURT ORDER BECAUSE, TRAVIS COUNTY LOCAL RULES CHAPTER 8 WERE NOT IN LAW LIBRARY, LOCAL RULES WERE NOT ON HOLDINGS LIST SO T.D.C.J. LAW LIBRARY CANNOT SUPPLY TO INMATES, PLAINTIFF ASKED COURT TO SUPPLY LOCAL RULES CHAPTER 8, TO PLAINTIFF, PLAINTIFF HAS JUST RECEIVED THESE TRAVIS COUNTY LOCAL RULES TO RETAIN HIS CASE IN THIS HONORABLE COURT. NOW PLAINTIFF IS COMPLYING WITH COURT ORDER.

FOR THE ABOVE REASONS PLINTIFF STRONGELY OBJECTS TO THE (A.D.R) ADMINSTRATORS DISMISSAL RECOMMENDATEON.

TO REITNARATE THROUGH NO FAULT OF HIS OWN PLAINTIFF WAS UNABLE TO COMPLY WITH COURT ORDER.

RESPECFULLY SUBMITTED

_Oswald L_____
SIGNITULE

EXCUTED ON THE _11_ DAY OF _JANUARY_, 2015

_Oswald L_____
SIGUNITURE